UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

MARCUS GREEN,

Petitioner,

v.

9:17-CV-0392 (BKS)

M. CAPRI,

Respondent.

---

APPEARANCES: OF COUNSEL:

MARCUS GREEN
09-A-3378
Petitioner, pro se
Sing Sing Correctional Facility
354 Hunter Street
Ossining, NY 10562

BRENDA K. SANNES, United States District Judge

**DECISION and ORDER**

**I. INTRODUCTION**

Petitioner Marcus Green filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254, and an application to proceed in forma pauperis ("IFP"). Dkt. No. 1, Petition ("Pet."); Dkt. No. 4, IFP Application.

**II. IFP APPLICATION**

Based upon the information in his certified IFP application, petitioner is eligible to proceed in forma pauperis. His application is therefore granted. Petitioner will still be required to pay fees that he may incur in the future regarding this action, including but not limited to copying fees ($.50 per page).

## III. THE PETITION

Petitioner challenges a 2008 judgment of conviction, in the Albany County Court, of course of sexual conduct against a child and other, related charges. Pet. at 1. On July 3, 2013, the Appellate Division affirmed his conviction, and on September 20, 2013, the New York Court of Appeals denied leave to appeal further. *Id.* at 5; *People v. Green*, 108 A.D.3d 782 (3d Dep't. 2013), *lv. denied* 21 N.Y.3d 1074 (2013).

Petitioner states that he filed a motion to vacate his conviction pursuant to New York Criminal Procedure Law ("CPL") §440.10 on November 5, 2014, and the motion was denied on December 14, 2015. Pet. at 3. The Appellate Division denied leave to appeal further on February 3, 2016. Pet. at 2.

Liberally construing the petition, petitioner appears to raise the following grounds for habeas relief: counsel was ineffective (Grounds One and Four); there is newly discovered evidence and his conviction should be vacated (Ground Two); and the prosecutor committed a "Brady violation" (Ground Three). Pet. at 5-10. For a complete statement of petitioner's claims, reference is made to the petition.

## IV. TIMELINESS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), enacted on April 24, 1996, established a one-year statute of limitations for prisoners to seek federal review of their state court criminal convictions. 28 U.S.C. § 2244(d)(1). The one-year period generally begins to run from the latest of several events: the date on which the state criminal conviction became final by the conclusion of direct review or by the expiration of the time to seek direct review; the date on which an unconstitutional, state-created impediment to filing a

habeas petition was removed; the date on which the Supreme Court initially recognized the constitutional right on which the petitioner bases his habeas application if that right was newly recognized and made retroactively applicable; or the date on which the petitioner could have discovered the factual predicate for the claim or claims presented through the exercise of due diligence (newly discovered evidence). 28 U.S.C. § 2244(d)(1)(A)-(D); *Gonzalez v. Thaler*, 565 U.S. 134, 148-49 & n.9 (2012).

For purposes of section 2244, a state conviction becomes "final" when the United States Supreme Court denies an application for a writ of certiorari or when the time to seek certiorari has expired, which is ninety days after the date on which the highest court in the state has completed direct review of the case. *Gonzalez*, 565 U.S. at 150; *Saunders v. Senkowski*, 587 F.3d 543, 548-49 (2d Cir. 2009).

The one-year limitation period under AEDPA is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *Saunders*, 587 F.3d at 548. The tolling provision "excludes time during which properly filed state relief applications are pending, but does not reset the date from which the one-year statute of limitations begins to run." *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000) (per curiam). The tolling provision excludes from the limitations period only the time that the state relief application remained undecided, including the time during which an appeal from the denial of the motion was taken. *Saunders*, 587 F.3d at 548; *Smith*, 208 F.2d at 16.

In this case, the Appellate Division affirmed petitioner's conviction on July 3, 2013, and the New York Court of Appeals denied leave to appeal further on September 20, 2013. *Green*, 108 A.D.3d 782 (3d Dep't. 2013), *lv. denied* 21 N.Y.3d 1074 (2013). His conviction

became "final" for purposes of the AEDPA ninety days later, on December 19, 2013. *Saunders*, 587 F.3d at 548-49. Petitioner had until December 19, 2014, to file a timely section 2254 habeas petition. *See id.*

Petitioner filed a CPL §440.10 motion on November 5, 2014. Pet. at 3. At that point, 321 days of the one year limitations period had run. The motion remained pending until February 3, 2016, when the Appellate Division denied permission to appeal from the denial of his motion. Pet. at 2. The limitations period expired 44 days later, on March 18, 2016. His petition, signed on April 6, 2017, is over a year late.

The AEDPA's one-year statute of limitations period "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). To warrant equitable tolling, a petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Diaz v. Kelly*, 515 F.3d 149, 153 (2d Cir. 2008). Courts have also recognized an equitable exception to the one-year statute of limitations under 28 U.S.C. §2244(d)(1) in cases where a petitioner can prove actual innocence. *McQuiggin v. Perkins*, __ U.S. __, 133 S. Ct. 1924, 1928, 1931 (2013). Petitioner has not alleged any basis to apply equitable tolling or an equitable exception to the statute of limitations.

In sum, it appears that the statute of limitations has expired. The Supreme Court has held that the district court may raise the statute of limitations issue sua sponte, but before the court may dismiss the petition sua sponte on that basis, the petitioner is entitled to notice and an opportunity to be heard regarding the timeliness issue. *Day v. McDonough*, 547 U.S. 198, 209-11 (2006).

Accordingly, the Court will give petitioner with an opportunity to file a written affirmation **within thirty (30) days** of the filing date of this Decision and Order explaining why the statute of limitations should not bar this petition, as outlined below. If petitioner fails to comply with this order, this petition shall be dismissed as time-barred under 28 U.S.C. § 2244(d).

## V. CONCLUSION

**WHEREFORE**, it is

**ORDERED** that petitioner's certified IFP Application, Dkt. No. 4, is **GRANTED**; and it is

**ORDERED** that petitioner may file a written affirmation, **within thirty (30) days** of the filing date of this Decision and Order, explaining why the statute of limitations should not bar this petition. The affirmation shall not exceed twenty (20) pages in length. Petitioner should state the date(s) upon which he filed any state court applications for relief in which he challenged his conviction, including the name and location of the court(s) in which he filed each application, the date(s) upon which the application(s) were denied, whether he appealed and, if so, the date the appeal was decided. If petitioner is asking the Court to equitably toll the limitations period, he must set forth facts establishing a basis for the application of equitable tolling as stated above. If petitioner is asking the Court to apply an equitable exception to the limitations period, he must set forth facts establishing a basis for doing so. No answer to the petition will be required from the respondent until petitioner has submitted the required affirmation, and the Court has had the opportunity to review his arguments; and it is

**ORDERED** that upon petitioner's submission of the written affirmation, the Clerk shall forward the entire file to the court for review; and it is

**ORDERED** that if petitioner fails to submit the required affirmation, this petition shall

be dismissed as time-barred under 28 U.S.C. § 2244(d) with no further order from the Court; and it is

**ORDERED** that the Clerk is directed to serve a copy of this Order on petitioner in accordance with the Local Rules.

Dated: May 19, 2017
Syracuse, NY

Brenda K. Sannes
U.S. District Judge